UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELA D. PEREZ,

Petitioner,

-against-

ARIZONA SUPREME COURT,

Respondent.

26 Civ. 4205 (GBD)

ORDER OF DISMISSAL

GEORGE B. DANIELS, United States District Judge:

Plaintiff Angela Dawn Perez, also known as Angela Perez Dowling and Angela Dawn Dowling, brings this *pro se* action against the "Arizona Supreme Court."[1] By order dated June 16, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## I.   BACKGROUND

Plaintiff addresses the complaint to the "Commission on Judicial Conduct," and alleges the following:[2]

> I, Angela Dawn Dowling, [f]iled small claims in Tucson Arizona the year of 2024 total oof 11 cases [] 2 missing online Rehrer & Rehrer attorn[e]y at law, and frank giomario. All small claim . . . . Defendants did not follow the rules of the court, no answer ever filed Defendant did not follow the rules of the court[.] No hearing has been set for 1year 3 months all served several times regular mail first class mail default judgment been filed along with answer from myself if hearing is needed ill testify iamthe proof and being proof, no answer from defendant's[.] No rules followed no rules followed no court rules followed by the defendant it is now April 2026 Still no answer from the court / small claim court. Defendants should be responsible for their Actions filing a petition to the people of the Court the court ("possible legal malpractice") . . . .

---

[1] Although Perez refers to herself as "Petitioner" and to the Arizona Supreme Court has "Respondent," this Court will refer to the parties as Plaintiff and Defendant, respectively.

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are in the complaint unless otherwise noted.

(ECF 1, at 2.)

As relief, Plaintiff seeks "notice of petition to responder." (*Id.*)

Plaintiff has an extensive history of filing non-meritorious and frivolous actions in this Court. By order dated May 26, 2026, the court recounted Plaintiff's litigation history in this court and directed her to show cause why the court should not bar her from filing further civil actions in this court IFP without first obtaining the court's permission. *Perez v. US Treasury Inspector Gen.*, No. 1:26-CV-4161, ECF No. 5 (S.D.N.Y. May 26, 2026).

In addition to the actions filed in this court, a search of the Public Access to Court Electronic Records ("PACER") database shows that Plaintiff has filed more than 80 actions in district courts across the country, including dozens of actions in the United States District Court for the District of Arizona, the state whose supreme court she attempts to sue in this action. As a result of Plaintiff's litigation history in the District of Arizona, that court has entered a filing injunction against her. *See Dowling v. United States Attorney's Off.*, No. 4:24-CV-0373 (D. Ariz. Nov. 27, 2024) (noting that Plaintiff had filed 28 actions which the court dismissed as frivolous, deeming her a "vexatious litigant," and imposing a filing injunction in that court).

## II.    STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to

2

raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

### III.    PLAINTIFF'S CLAIMS ARE FRIVOLOUS

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is frivolous when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011).

Even when read with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's complaint lacks an arguable basis either in fact or in law. *See Neitzke*, 490 U.S. at 324-35. Plaintiff sues a state court, alleges that the court, and, possibly, the defendants she is suing in that court, are not following "rules," and asks this Court to provide "notice of [the] petition to responder." (ECF 1, at 2.) The Court is unable to identify (1) any legal basis for her claims against Defendant, or (2) any legal theory on which Plaintiff may proceed. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

#### IV.   LEAVE TO AMEND IS DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione,* 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988). Petitioner's complaint does not suggest that she is in possession of facts that would cure the identified deficiencies. *See Gallop,* 642 F.3d at 369 (holding that district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.,* No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in the complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

#### V.   CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   June 17, 2026
         New York, New York

*[signature]*

GEORGE B. DANIELS
United States District Judge